IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DAVIDSON'S PAINTING & ) <br> WALLCOVERINGS INC. ) <br>    a/k/a Davidson's Painting & ) <br>    Wallcoverings, Inc. ) <br>    a/k/a Davidson's Painting and ) <br>    Wallcoverings, Inc. ) | CIVIL ACTION NO. <br> 06-01567(JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant Davidson's Painting & Wallcoverings Inc. a/k/a Davidson's Painting & Wallcoverings, Inc. a/k/a Davidson's Painting and Wallcoverings ("Company" or "Defendant"), in the amount of $13,606.99.

The Pension Fund served its Complaint on Defendant on September 25, 2006. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on November 3, 2006. Default was entered against the Defendant on November 6, 2006. Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Kent Cprek and a proposed form of judgment.

176425-1

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $13,606.99, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $2,918.18.</u>

Defendant owes the Pension Fund unpaid contributions totaling at least $2,918.18. Defendant owes unpaid contributions in the amount of $183.72 for June 2006. Company also owes estimated contributions for the month of October 2006 in the amount of $2,734.38. The estimated contributions are calculated by the Pension Fund based on the average of the last three months of remittance reports filed by Company. The contributions are estimated because Company failed to submit the required remittance report for that period. Montemore Declaration, ¶6.

2. <u>Interest through December 15, 2006 of $20.94.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through December 15, 2006 on Defendant's delinquent contributions totals $20.94. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $5,459.12.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages shall be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions or contributions paid past the due date. As indicated above, Defendant owes $2,918.18 in unpaid

contributions for the period June 2006 and October 2006. Twenty percent (20%) of this amount is $583.61. Defendant also paid contributions in the amount of $24,377.59 beyond the due date. Twenty percent (20%) of this amount is $4,875.51 Since the total amount of liquidated damages is greater than the interest amount, Company owes $5,459.12 in liquidated damages. Montemore Declaration, ¶8; 29 U.S.C. § 1132(g)(2).

4. <u>Attorneys' fees and costs of $4,441.79.</u>

Plaintiff has incurred $4,441.79 in attorneys' fees and costs in seeking payment of amounts owed by the Defendant for the period August 2006 through November 30, 2006. Cprek Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

5. <u>Late charges in the amount of $766.96.</u>

Defendant owes late charges in the amount of $766.96 for November 2005 through September 2006.

6. <u>Injunctive Relief.</u>

In light of Defendant's failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (See, Montemore Declaration, ¶9) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7. <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in

connection with the enforcement and collection of any judgment entered by the Court.  See, Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

                Respectfully submitted,

                JENNINGS SIGMOND, P.C.

BY:/s/     Kent G. Cprek

KENT G. CPREK, ESQUIRE
(I.D. NO. 478231)
SANFORD G. ROSENTHAL, ESQUIRE
(I.D. NO. 478737)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615

Date:   December 5, 2006        Attorneys for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660