IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DAVIDSON'S PAINTING & ) <br> WALLCOVERINGS INC. ) <br>    a/k/a Davidson's Painting & ) <br>    Wallcoverings, Inc. ) <br>    a/k/a Davidson's Painting and ) <br>    Wallcoverings, Inc. ) | CIVIL ACTION NO. <br> 06-01567 |

## DEFAULT JUDGMENT

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension Fund" or "Plaintiff"), it appears to the Court that Defendant, Davidson's Painting & Wallcoverings Inc. a/k/a Davidson's Painting & Wallcoverings, Inc. a/k/a Davidson's Painting and Wallcoverings ("Company" or "Defendant"), has ~~willfully~~ failed to appear, plead or otherwise defend, and it is ORDERED:

1. Judgment is entered against Company, and in favor of Plaintiff in the total amount of $13,606.99, itemized as follows:

    (a) Unpaid contributions for the months of June 2006 and October 2006 in the amount of $2,918.18 under 29 U.S.C. §1132(g)(2) and 185(a);

    (b) Interest from the date contributions became due until December 15, 2006, in the amount of $20.94;

    (c) Liquidated damages in the amount of $5,459.12, which is twenty percent (20%) of the total amount owed the Fund for unpaid contributions or contributions paid late;

176425-1

(d)     Late charges in the amount of $766.96;

(e)     Attorneys' fees and costs in the amount of $4,441.79 incurred by Plaintiff through November 30, 2006, as provided in 29 U.S.C. §1132(g)(2)(D).

2.     Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s).

3.     Within ten (10) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for October 2006, together with a check for the full amount of the contributions and dues, including interest and liquidated damages.

4.     Within twenty (20) days of a request by Plaintiff or its counsel, Company shall make available to the designated representative of the Plaintiff all payroll books and related records necessary for Plaintiff to ascertain the precise amount of any delinquent contributions due and owing to Plaintiff for all periods in which Company is obligated to make fringe benefit contributions to the Plaintiff and Defendants shall bear the costs of said audit.

5.     Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Company shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement

records, compensation insurance audits and by other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendants shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

6. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. §1132(g)(2) together with any audit costs incurred by the Plaintiff.

7. If any such further action by the Plaintiff is required, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

8. If Defendants fail to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask

for further appropriate monetary and/or injunctive relief.

_____
COLLEEN KOLLAR-KOTELLY   J.
United States District Judge

Date: Dec. 7, 2006

Copies of this Default Judgment shall be sent to:

Kent Cprek, Esquire
Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615/0611
Attorneys for Plaintiff

Davidson's Painting & Wallcoverings Inc.
a/k/a Davidson's Painting & Wallcoverings, Inc.
a/k/a Davidson's Painting and Wallcoverings, Inc.
45223 Metz Road
Columbiana, OH 44408

176425-1                                                            4